# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH C.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL,[2] <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 5:19-cv-00939-MAA <br><br> **MEMORANDUM DECISION AND ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

On May 20, 2019, Plaintiff filed a Complaint seeking review of the Social Security Commissioner's final decision denying his application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act. This matter is fully briefed and ready for decision. For the reasons discussed below, the Commissioner's final decision is reversed, and this action is remanded for further administrative proceedings.

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Commissioner of Social Security is substituted as the Defendant pursuant to Federal Rule of Civil Procedure 25(d).

## PROCEDURAL HISTORY

On September 11, 2015, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning on August 2, 2014. (Administrative Record [AR] 16, 136-37.) Plaintiff alleged disability because of intense lower back pain; pain and numbness in the upper buttocks, hamstring, and groin; pain that would not go away with treatment; and depression from constant pain with no relief. (AR 68-69.) After the application was denied initially, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 88.) At a hearing held on January 18, 2018, at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff. (AR 33-56.) Following the hearing, the ALJ elicited written responses to interrogatories posed to a vocational expert. (AR 16, 249-54.)

In a decision issued on June 4, 2018, the ALJ denied Plaintiff's application after making the following findings pursuant to the Commissioner's five-step evaluation. (AR 16-26.) Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date of August 2, 2014. (AR 19.) He had severe impairments consisting of "status post anterior lumbar fusion with instrumentation at L5-S1; and degenerative disc disease of the lumbar spine." (AR 19 [citing AR 675].) (*Id*.) He did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments. (AR 22.) He had a residual functional capacity for the full range of light work. (*Id*.) He could not perform his past relevant work as a heating and air conditioning installer servicer. (AR 24-25.) He could perform other work existing in significant numbers in the national economy because a finding of "not disabled" was directed by Rules 202.21 and 202.14 of the Medical-Vocational Guidelines. (AR 26.) Thus, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act. (*Id*.)

///

On April 1, 2019, the Appeals Council denied Plaintiff's request for review. (AR 1-7.) Thus, ALJ's decision became the final decision of the Commissioner.

## DISPUTED ISSUES

The parties raise the following disputed issues:

1. Whether the ALJ adjudicated the issues through the date last insured or the date of the decision, whichever was earlier;

2. Whether the ALJ properly considered the presence of a severe mental impairment; and

3. Whether the ALJ properly considered Plaintiff's testimony.

(ECF No. 17, Parties' Joint Stipulation ["Joint Stip."] at 2.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's interpretation must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

///

**DISCUSSION**

For the reasons discussed below, reversal and remand for further administrative proceedings are warranted for Issue Three, based on the ALJ's assessment of Plaintiff's subjective symptom testimony. Thus, the Court declines to address Plaintiff's remaining arguments. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

I.   **Subjective Symptom Testimony.**

  A.   **Legal Standard.**

An ALJ must make two findings in assessing a claimant's pain or symptom testimony. SSR 16-3P, 2017 WL 5180304, at *3; *Treichler*, 775 F.3d at 1102. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler*, 775 F.3d at 1102 (citation omitted). "Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms" and those reasons must be supported by substantial evidence in the record. *Id.*; *see also Marsh v. Colvin*, 792 F.3d 1170, 1174 n.2 (9th Cir. 2015).

"A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a

claimant's testimony regarding pain.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (*en banc*)).

Beginning on March 28, 2016, SSR 16-3P rescinded and superseded the Commissioner's prior rulings as to how the Commissioner will evaluate a claimant's statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims. *See* SSR 16-3P, 2017 WL 5180304, at *1. Because the ALJ's decision in this case was issued on June 4, 2018, it is governed by SSR 16-3P. *See id*. at *13 and n.27. In pertinent part, SSR 16-3P eliminated the use of the term "credibility" and clarified that the Commissioner's subjective symptom evaluation "is not an examination of an individual's character." SSR 16-3P, 2017 WL 5180304, at *2; *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017). These changes are largely stylistic and are consistent in substance with Ninth Circuit precedent that existed before the effective date of SSR16-3P. *See Trevizo*, 871 F.3d at 678 n.5.

### B.  Background.

On September 8, 2010, while working as an air conditioning technician, Plaintiff injured his lower back while trying to catch a 40-pound cart that had slipped from his grasp while he was carrying it up a flight of stairs. (AR 278.) In July 2012, he had an anterior lumbar spinal fusion at L5 to S1. (AR 710.) A prior ALJ found that Plaintiff was disabled for a period from September 8, 2010 through July 14, 2013. (AR 66.) Plaintiff's disability ended on July 15, 2013, when he returned to work without significant problems. (AR 67.)

In 2014, Plaintiff began experiencing severe pain in his lower back. (AR 785.) For the instant application, he alleged disability beginning on August 2, 2014. (AR 16.) At the administrative hearing, Plaintiff testified as follows about his condition beginning on that date:

He suffers from chronic pain, but no particular activity triggers it. (AR 44-45.) He is "in pain 24 hours a day, seven days a week." (AR 45.) By his own admission, he overdoses on his pain medications. (*Id*.) They cause side effects that affect his digestion. (AR 46.) Even with medication, he rates his pain as a seven out of ten. (AR 52.) Injections have been ineffective. (AR 53.) He might have a device injected that will shoot electrical signals to the pain areas in his back. (AR 53.) His back pain has led to depression and suicidal thoughts. (AR 46-47.)

On a usual day, he can cook for himself, clean up after himself, do a load of dishes, pick up after his dog, and buy his own groceries. (AR 48, 51.) He can stand or sit for one hour at a time, walk for 30 minutes at a time, and lift groceries that weigh 10 to 15 pounds. (AR 50-51.)

### C. Analysis.

The ALJ first found that Plaintiff medically determinable impairments could reasonably be expected to cause the alleged symptoms. (AR 23.) However, the ALJ next found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record. (*Id*.) As support, the ALJ cited three reasons. (AR 20, 22-23.) The Court reviews each reason in turn.

#### 1. Conservative treatment that adequately treated pain.

The ALJ found that Plaintiff received a "conservative course" of pain management, including pain medications that, according to Plaintiff, "adequately treated his pain." (AR 23.)

"[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)). An ALJ may also consider a claimant's response to such treatment. *See*

*Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) (holding that a claimant's favorable response to conservative treatment undermined the claimant's reports regarding the disabling nature of his pain). "Any evaluation of the aggressiveness of a treatment regimen must take into account the condition being treated." *Revels v. Berryhill*, 874 F.3d 648, 667 (9th Cir. 2017).

As noted, Plaintiff underwent a lumbar spinal fusion in July 2012 (AR 710), before his latest alleged onset date of August 2, 2014. The ALJ's reason goes to treatment that Plaintiff received after that date. After August 2, 2014, Plaintiff's treatment for his back pain included epidural steroid injections (AR 785); medial branch blocks (AR 653, 942); radiofrequency ablation (AR 927); and medications such as Tramadol (AR 645), Gabapentin (AR 719, 722), Tizanidine (AR 719), and Lorzone (AR 744). Plaintiff's insurer denied additional treatments that his physicians requested, such as facet injections, spinal cord stimulation, and Norco. (AR 721-22, 748, 778.) One of Plaintiff's treating physician commented that Plaintiff pain perhaps was attributable in "large part" to the insurer's continual denial of treatments, such as Norco. (AR 723.)

Other courts have rejected characterizations of similar types of treatment for back pain as conservative. *See, e.g., Rawa v. Colvin*, 672 F. App'x 664, 667 (9th Cir. 2016) (rejecting characterization of treatment as conservative where it consisted of injections in the spine, metal needles in the legs, multiple epidural steroid injections, and a series of pain medications); *Huber v. Berryhill*, 732 F. App'x 451, 456-57 (7th Cir. 2018) (rejecting an ALJ's characterization of a claimant's treatment as conservative where it included radiofrequency ablation); *Christine G. v. Saul*, 402 F. Supp. 3d 913, 926 (C.D. Cal. 2019) ("Many courts have previously found that strong narcotic pain medications and spinal epidural injections are not considered to be 'conservative' treatment.") (collecting cases); *Douglas K.T. v. Berryhill*, 2019 WL 1670941, at *9 (C.D. Cal. Apr. 17, 2019) (rejecting characterization of prescription pain medication and epidural steroid

injections as routine or conservative, and collecting similar cases); *Childers v. Berryhill*, 2019 WL 1474030, at *9 (D. Nev. Mar. 12, 2019) (rejecting characterization of treatment for back pain as conservative where it included narcotics and steroid lumbar injections, and collecting similar cases); *Pontzious v. Berryhill*, 2017 WL 6276371, at *7 (D. Az. Dec. 11, 2017) ("[E]pidural injections and medial branch blocks are not conservative treatment."). The Court finds these decisions to be persuasive authority. The nature of the treatment Plaintiff received was not a clear and convincing basis to reject his subjective symptom testimony.

Moreover, the evaluation of the aggressiveness of Plaintiff's treatment includes not only the treatment he received, but also the additional treatment his physicians requested. Plaintiff's physicians requested additional treatment that included spinal cord stimulation, which Plaintiff's insurer denied. (AR 721-22, 748, 778.) Moreover, one physician commented that the treatment denials were a reason for Plaintiff's pain. (AR 723.) A conservative treatment regimen is not a proper basis to discount a claimant's testimony when additional treatment is requested but unattainable because of lack of insurance coverage. *See Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

Finally, the record does not contain substantial evidence for the finding that Plaintiff reported his pain medications were adequate to treat his pain. (AR 23.) Rather, Plaintiff reported that even aggressive treatments, such injections and radiofrequency ablation, gave relief that was temporary at best. (AR 711, 778, 783.) In sum, this was not a clear and convincing reason based on substantial evidence to reject Plaintiff's subjective symptom testimony.

**2.     Daily activities.**

The ALJ stated that Plaintiff's daily activities, in which he cleans up after himself, does household chores, and lifts groceries up to 10 to 15 pounds, are "the same as those necessary for obtaining and maintaining employment" and

8

"undermines [Plaintiff's] allegations of disabling functional limitations."  (AR 20.)  A claimant's testimony about his daily activities may undermine his claim of disability in two ways: (1) the activities may contradict his other testimony about the severity of his symptoms, or (2) the activities may meet the threshold for transferable work skills.  *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).  Although the ALJ relied on both ways, neither was clear and convincing.

      First, Plaintiff's testimony about his daily activities did not clearly contradict his other testimony about the severity of his symptoms because the ALJ did not identify the contradiction.  *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) ("[T]he ALJ did not elaborate on *which* daily activities conflicted with *which* part of Claimant's testimony.") (emphasis in original); *see also Ross v. Berryhill*, 711 F. App'x 384, 386 (9th Cir. 2017) ("[T]he ALJ failed to identify specific symptom testimony the ALJ found to be inconsistent with [the claimant's] reported activities of daily living.") (citation omitted).  In any event, the Court perceives no contradiction that was clear and convincing.  Plaintiff's testimony about his activities — such as cleaning after himself, doing a load of dishes, picking up after his dog, and lifting groceries weighing 10 to 15 pounds — was not inherently contradictory of his other testimony about his limited ability to stand, walk, sit, or lift.  Thus, this was not a clear and convincing basis to reject Plaintiff's subjective symptom testimony.

      Second, substantial evidence did not support the conclusion that Plaintiff's testimony about his daily activities met the threshold for transferable work skills.  As an initial matter, the ALJ's decision did not explain how Plaintiff's limited activities were transferable to a workplace.  *See Webber v. Astrue*, 305 F. App'x 311, 313 (9th Cir. 2008) ("Although reliance on reported daily activities is permissible, the ALJ failed to explain how [the claimant's] very limited domestic activities, primarily caring for her minor disabled son, were transferable to the workplace.").  Moreover, Plaintiff's activities — consisting of self-cleaning, doing

9

a load of dishes, picking up after his dog, and buying groceries — were not so demanding that they clearly warranted an inference of transferability to a workplace. *See Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities.") (citing *Fair v. Bowen*, 885 F.2d 507, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.")); *see also Garrison v. Colvin*, 759 F.3d 995, 1015-16 (9th Cir. 2014) (claimant's activities of talking on the phone, preparing meals, cleaning her room, and caring for her daughter with help were not readily transferable to a workplace environment). Thus, this was not a clear and convincing basis to reject Plaintiff's subjective symptom testimony.

### 3. Inconsistent with objective medical evidence.

The ALJ found that Plaintiff's subjective symptom allegations were "inconsistent with the objective medical evidence" and gave numerous examples. (AR 23.) But even if the record fully supports this reason, it still would be legally insufficient because it is the sole remaining reason for the ALJ's assessment of Plaintiff's testimony. *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006) (finding insufficient an ALJ's sole remaining rationale that the claimant's testimony was "not consistent with or supported by the overall medical evidence of record"); SSR 16-3P, 2017 WL 5180304, at *5 ("[W]e will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual."). Thus, the ALJ's assessment of Plaintiff's subjective symptom testimony cannot be upheld solely on this basis.

### D. Conclusion.

The ALJ's decision did not state clear and convincing reasons based on substantial evidence to discount Plaintiff's subjective symptom testimony. Thus, reversal is warranted.

## II. Remand for Further Administrative Proceedings.

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Id.* "If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (citation and internal quotation marks omitted).

Here, all essential factual issues have not been resolved. Thus, it is inappropriate to credit Plaintiff's testimony as true. *See Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2017). The record raises factual conflicts about Plaintiff's level of functioning that "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also Treichler*, 775 F.3d at 1101 (stating that remand for an award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the existing record does not clearly demonstrate that the claimant is disabled within the meaning of the Social Security Act).

Therefore, based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative

proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. It is not the Court's intent to limit the scope of the remand.

## ORDER

It is ordered that Judgment be entered reversing the final decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: May 05, 2020

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE